JONES, Justice
(dissenting):
I respectfully dissent.
In registering my dissent, it is important to emphasize that I do not disagree with the majority opinion’s statement of the issue or *523 its initial analysis of that issue. For further clarification I would point out that it is not Karen (the minor to whom the car was entrusted) who is sought to be covered by State Farm automobile liability insurance. Rather, it is Mike Hallmark (admittedly an insured) whose act of negligent entrustment is made the gravamen of Jerry Wayne Dutton’s suit, who is sought to be covered. The majority opinion correctly states: . . there is coverage only if the alleged negligent entrustment of the Hallmark automobile by Mike [an insured under the policy], can be said to be an incident of his ownership, maintenance, or use of the car.”
My disagreement with the holding of the majority is this: I believe the act of en-trustment of an automobile (which, if negligent, is one of the two-pronged factual tests that constitutes an actionable tort of negligent entrustment) is.such use of an automobile that mandates coverage under the provisions of the instant policy. The fact that an additional use (i. e., the negligent operation) of the car by the entrustee is a necessary element of the tort does not mandate against the insured’s/entrustor’s use in his act of entrustment.
Indeed, Webster’s definition of “use”— “act of employing anything” — lends itself inexorably to the paraphrase, in the context of this case, that Hallmark committed the act of employing the car by entrusting it to another. That the consummated tort consists of the additional element of negligent use or operation by the entrustee does not take away or void the first element — the act of employing the car by entrusting it to another. If the act of putting the car into service by entrusting it to another is negligently done and the entrustee negligently drives the entrusted car into another with resultant injuries, such act of employment (the entrustment) constitutes use of the insured vehicle.
The majority, in my opinion, falls into error by tracking the rationale (and thus the conclusion) of Samuels. There, the 10th Federal Circuit after reciting the primary definition of “use” from Webster’s New International Dictionary, and the primary and secondary definitions from the New Century Dictionary, elected to accept the secondary meaning, “apply to one’s own purposes.” After abandoning all other choices of meaning, the Samuels Court draws from “one’s own purposes” the rationale that use, in the context of entrustment, is dependent upon the continuing use or operation of the entrusted vehicle for the entrustor’s purpose or benefit.
This rationale, it seems to me, erroneously premises the meaning of use on the agency or respondeat superior theory. It says, in effect, that the entrustor’s use depends upon the entrustee’s use for the entrustor’s purpose or benefit; and this in spite of the dictionary’s primary definitions to the effect that “use” means the act of employing, or putting into service, the car for some purpose. Surely, the act of entrustment, of itself, fits these primary meanings of the word “use.” Not only does the agency requirement, derive from a secondary meaning (“apply to one’s own purposes”), but, certainly, the various meanings of “use” are not to be construed as mutually exclusive.
The majority opinion correctly analyzes Cooter and rejects State Farm’s contention that entrustment invokes an incident of ownership, and not use, of an automobile. As the majority implies, this is an “almost persuaded” type argument; and, interestingly enough, it led the insurer’s counsel during his oral argument of the instant case to suggest that, perhaps, had the homeowner insured in Cooter not been the owner of the entrusted vehicle, the Homeowner coverage would apply.
To better understand this candid admission (or, more correctly, near admission), we must first understand State Farm’s contention in Cooter. There, the Homeowner policy excluded coverage for injuries caused by accident arising out of ownership, maintenance, or use of a motor vehicle. Cooter contended that negligent entrustment, not ownership or use of the vehicle, was the gravamen of his action; thus, the Homeowner’s exclusion did not. apply. We held the exclusion valid, reasoning that the tort *524 of negligent entrustment consists of the dual acts of negligent entrustment and negligent operation of the car by the entrustee; thus, the motor vehicle exclusion is applicable.
Writing within the ownership context of Cooter, we had no hesitancy in agreeing with State Farm’s position. This is not to say, however, that we would have held to the contrary had the homeowner insured entrusted a nonowned vehicle to another. Indeed, as the author of Cooter, I can say, categorically, that the distinction between owner and bailee was given no consideration by the Court in upholding the homeowner insurer’s invocation of the “motor vehicle” exclusion. The logic of Cooter’s rationale breaks down and is lost unless its holding is consistently applied to both owners and nonowners who allegedly negligently entrust a motor vehicle to another.
To be sure, it is our holding in Cooter that persuades me to the opposite conclusion here. Within the broad scheme of insurance coverage afforded by Homeowner liability insurance and Automobile liability insurance, the validity of the “automobile” exclusion for negligent entrustment under the former requires validity of coverage for “use of automobile” under the latter. The public policy of this. State, as expressed in the Safety-Responsibility Act, militates strongly against a hiatus of coverage.[1] Under the majority opinion in this case, coupled with Cooter, there is no liability coverage afforded in this State, through the standard policies available, for a nonowner who is sued for allegedly entrusting an automobile to another.
We say to the Homeowner liability insured, who is sued for negligent entrustment of a vehicle (whether or not owned by him), the “ownership, maintenance and use of a motor vehicle” exclusion precludes coverage. We say to the nonowner Automobile liability insured, who is sued for negligent entrustment of a vehicle, the “use of a motor vehicle” provision of the policy is not met and, thus, there is no coverage. In my opinion, this result was neither contemplated nor intended by the Legislature, the State Insurance Commissioner, the insurer, or the insured.

. § 32-7-1, et seq., Ala.Code 1975.